IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STATE OF OHIO, ex rel.              :
JANELL SMITH, et al
                 Plaintiffs,

    vs.                        :        Case No. 3:22-cv-00164

                                JUDGE WALTER H. RICE

THE CITY OF HUBER HEIGHTS,          :
OHIO, et al.
               Defendants.

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION TO
AMEND THE AMENDED COMPLAINT (DOC. #3); OVERRULING
WITHOUT PREJUDICE AS MOOT DEFENDANTS' MOTION TO
DISMISS (DOC. #2); AND SUSTAINING PLAINTIFFS' MOTION FOR
REMAND TO THE MONTGOMERY COUNTY COURT OF COMMON
PLEAS (DOC. #3); JUDGMENT TO ENTER ACCORDINGLY;
TERMINATION ENTRY

---

Plaintiffs, State of Ohio, ex rel. Janell Smith ("Plaintiffs"), have filed a

"Motion for Leave to Dismiss Certain Causes of Action; Motion for Remand to

State Court," Doc. #3 ("Motion"), pursuant to Fed. R. Civ. P. 15(a). Plaintiffs have

also attached a "Second Amended Complaint with Jury Demand Endorsed

Hereon," Doc. #3, Ex. A (Second Amended Complaint"). Defendants, The City of

Huber Heights, Ohio, Mark Campbell, Edward Lyons, Nancy Byrge, Donald Webb,

Robert Schommer, and Jeffrey Gore ("Defendants"), have filed a response, Doc.

#9, and Plaintiffs have filed a reply, Doc. #11. For the reasons set forth below, the

Court **sustains** the Motion.

## I. Factual Background

This case began in the Montgomery County Court of Common Pleas ("State Court"). Doc. #3, PageID#361. There, Plaintiffs filed an initial complaint ("Initial Complaint") on December 13, 2019, alleging claims exclusively under state law. *Id.* Defendants then filed a motion to dismiss ("Initial Motion to Dismiss") in the State Court.

The case was stayed[1] in the State Court from March 18, 2020, until December 20, 2021. Doc. #11, PageID#461. On May 20, 2022, the State Court granted Plaintiffs leave to amend their Initial Complaint, and Plaintiffs filed an amended complaint, Doc. #8 ("Amended Complaint") on June 3, 2022. *Id.*, PageID#463. However, the Amended Complaint added two new federal causes of action, and the Defendants properly removed the case to federal court on June 17, 2022, pursuant to 28 U.S.C. 1441(a). Doc. #9, PageID#453. Defendants also filed a

---

[1] According to Plaintiffs, the case was stayed due to a third-party complaint ("Third Party Complaint") that was filed on February 12, 2020, by defendant Robert Schommer ("Schommer") against Plaintiff's attorneys ("McNamee Attorneys") Doc. #11, PageID#462. Plaintiffs contend the McNamee Attorneys were forced to retain counsel and were concerned that "there might be a conflict of interest with their continued representation of Plaintiff while also being named as third-party defendants themselves." *Id.* Thus, on March 16, 2020, the McNamee Attorneys filed a motion to extend the deadline to respond to the Initial Motion to Dismiss until 30 days after the adjudication of the Third-Party Complaint. *Id.*, Page#463. The State Court granted the extension on March 18, 2020. *Id.* Then, on March 20, 2020, the McNamee Attorneys filed a Motion to Strike Schommer's Third Party Complaint ("Motion to Strike"). *Id.*, Page#462. The State Court did not rule on the Motion to Strike until December 20, 2021. *Id.*, Page#463. At that time, the State Court struck the Third-Party Complaint and gave Plaintiffs until February 22, 2022, to file their response to the Initial Motion to Dismiss. *Id.* On February 18, 2022, Plaintiffs moved to amend their Initial Complaint. *Id.* On May 20, 2022, the State Court granted and ordered the Plaintiffs to file an amended complaint by June 3, 2022. *Id.* The Plaintiffs timely filed their Amended Complaint on June 3, 2022, in State Court.

new motion to dismiss, Doc. #2 ("Motion to Dismiss"), in federal court on June 24, 2022.

Plaintiffs filed this Motion on June 24, 2022. This Motion is comprised of two separate motions. First, Plaintiffs move to amend their Amended Complaint to dismiss the two recently added federal claims. Doc. #3, PageID#364. Second, should this Court grant leave to amend to dismiss the federal claims, Plaintiffs move to remand the case to state court where it originated. *Id.*

II.    **Legal Analysis**

A.  **Motion to Amend**

Under Fed. R. Civ. P. 15(a), "leave [to amend] shall be freely given when justice so requires."

The choice to grant or deny an opportunity to amend is within the discretion of the District Court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). However, the Sixth Circuit has noted that, "in deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). Nonetheless, the Sixth Circuit has also noted the liberal nature of Rule 15(a), stating that its purpose is "to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah,*

790 F.2d 557, 559 (6th Cir.1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)).

Plaintiffs move to amend their Amended Complaint to remove the two recently added federal claims. Doc. #9, PageID#456. Defendants urge the Court to not grant Plaintiff's leave to amend and cite several factors noted by the Sixth Circuit in *Brumbalough*, 427 F.3d at 1001, including "undue delay," "bad faith" and "undue prejudice." *Id.*, PageID##453-455. The Court will address each of Defendants' arguments in turn.

First, the Court does not find any "undue delay in filing." Defendants assert that Plaintiffs had over two years to file their Amended Complaint and to "carefully consider Rule 11 and the crafting of any claims that they felt justice warranted." Doc. #9, PageID#454. However, it is immaterial whether the Plaintiffs should have used those two years to consider the strategic advantages or disadvantages of including the federal claims in the Amended Complaint. The only consideration is whether there was "undue delay in filing" this specific Motion. *Brumbalough*, 427 F.3d at 1001. The Court finds there was no such delay. Plaintiffs filed this Motion on June 24, 2022, which was 21 days after filing their Amended Complaint (June 3, 2022) and 7 days after this case was removed to federal court (June 17, 2022). These time periods do not constitute "undue delay."

Second, the Court does not find "bad faith by the moving party." In terms of bad faith, Defendants' note that Plaintiffs had the "opportunity of knowing the arguments Defendants had raised in their motion to dismiss for over (2) years

before seeking to amend their complaint." Doc. #9, PageID#454. However, Plaintiffs' alleged failure to fully contemplate their arguments during that time is not dispositive; the alleged failure must be in bad faith, and the Court finds none. Defendants also contend that Plaintiffs filed the Motion "simply to defeat a motion to dismiss." *Id.* However, assuming the Court grants this Motion, Defendants will surely file a new motion to dismiss for the remaining state law claims. Therefore, Plaintiffs would inevitably still face a motion to dismiss, so it is unlikely they filed this Motion "simply to defeat a motion to dismiss."

Third, the Court does not find any "undue prejudice to the opposing party." Plaintiffs move to dismiss the federal law claims from their Amended Complaint. However, Plaintiffs have not added any additional state law claims to their Second Amended Complaint that are not already contained in the Amended Complaint. Defendants have already filed a Motion to Dismiss the Amended Complaint. Doc. #2, PageID##341-357. Defendant notes it will have to "refile and recraft a motion to dismiss the remaining claims," Doc. #9, PageID#455, but these efforts do not constitute "undue prejudice" when the Defendant has already crafted arguments for dismissal of those remaining claims in its Motion to Dismiss. Doc. #2, PageID##341-357.

The Court does not find any factors that weigh against granting leave to amend. Accordingly, the Motion is **sustained** for the purposes of leave to amend. Plaintiffs' Second Amended Complaint (Doc. #3, Ex. A) is now the operative

complaint for all purposes, and thus the Court **overrules** without prejudice as moot Defendants' Motion to Dismiss.

### B. Motion for Remand

The Second Amended Complaint removes the two federal claims and includes only state law claims. Because the remaining claims are exclusively under state law, Plaintiffs have moved to remand the case to state court.

To begin, the Court notes that "it ha[s] not been divested of . . . jurisdiction by the dismissal of the plaintiff's federal claims." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000).

However, in a situation where a plaintiff's federal law claims are dismissed, a district court "should ordinarily not reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Accordingly, the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining supplemental jurisdiction 'only in cases where the interest of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co of Columbus*, 423 F. App'x 580, 585 (6th Cir. 2011) (quoting *Moon*, 465 F.3d at 728).

Here, the Court finds that judicial economy does not outweigh the "concern over needlessly deciding state law issues." *Moon*, 465 F.3d at 728. This case progressed for over two years at the state court level, whereas it has been with

this Court for just over three months, and the only action has been Defendants' Motion to Dismiss. Therefore, judicial economy does not warrant the Court retaining supplemental jurisdiction.

Accordingly, the Motion to remand **is sustained**, and the case is **remanded** to the Montgomery County Court of Common Pleas.


III.    **Conclusion**

For the reasons set forth above, Plaintiff's Motion, Doc. #3, is **SUSTAINED**. The Second Amended Complaint, Doc. #3 Ex. A, is now the operative complaint for all purposes. Accordingly, Defendant's Motion to Dismiss, Doc. #2, is **OVERRULED** without prejudice as moot.

This case is **REMANDED** to the Montgomery County Court of Common Pleas, with judgment to be issued accordingly.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.


Date: September 30, 2022        _____
                                WALTER H. RICE
                                UNITED STATES DISTRICT JUDGE